THE LAW OFFICE OF STEVEN M. CHABRE
STEVEN M. CHABRE  Bar No. 173271
1335 Park Avenue
Alameda, California 94501
Telephone (510) 749-1440
Facsimile: (510) 749-0466

Attorneys for Plaintiff
SANDRA TINKER

SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
DENNIS G. ROLSTAD  Bar No. 150006
ERIN A. CORNELL  Bar No. 227135
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
VERSATA, INC. GROUP DISABILITY PLAN
(erroneously sued herein as VERSATA, INC. GROUP
DISABILITY INCOME INSURANCE PLAN), and
CONTINENTAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| SANDRA TINKER,<br><br>    Plaintiff,<br><br>    v.<br><br>VERSATA, INC. GROUP DISABILITY INCOME INSURANCE PLAN AND CONTINENTAL CASUALTY COMPANY,<br><br>    Defendants. | CASE NO. CV 06-02906 RRB-KJM<br><br>**STIPULATION FOR PROTECTIVE ORDER OF CONTINENTAL CASUALTY COMPANY'S AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MANUALS AND ORDER** |

Plaintiff Sandra Tinker and defendants Versata, Inc. Group Disability Plan (the "Plan") and Continental Casualty Company ("Continental") hereby STIPULATE and AGREE as follows:

1. Continental was the original insurer and claims administrator for the Versata, Inc. Group Disability Plan. In or around 2004, Hartford Life and Accident Insurance Company

1  ("Hartford") purchased Continental's book of business, and became the insurer and claims
2  administrator for the Versata, Inc. Group Disability Plan
3      2.   In connection with discovery proceedings in this action, Hartford will produce its
4  Claims Manual in effect beginning November, 2006 and a version of the Continental Claims
5  Manual in effect on January 14, 2004, under the designation "Confidential."  Continental believes
6  that the provisions of this Manual are the same as what existed in late 2003, without significant
7  change.  The Manuals are Confidential information which have not been made public and which
8  concerns Hartford's and Continental's business practices, including claims handling and analysis
9  regarding disputed coverage issues, the disclosure of which information may have the effect of
10 causing harm to the competitive position of Hartford and Continental and their presently and/or
11 formerly related entities.
12     3.   In addition to the Manual, in connection with the proceedings in this action,
13 Hartford, Continental and plaintiff may designate such other certain documents, material,
14 testimony, or other information derived therefrom as "Confidential" under the terms of this
15 Stipulation and Stipulated Protective Order.  The terms of this Protective Order will also apply to
16 such certain other documents designated as "Confidential."
17     4.   By designating a document, including documents kept in electronic form, thing,
18 material, testimony or other information derived therefrom as "Confidential," under the terms of
19 this stipulation, the party so designating is certifying to the court that there is a good faith basis
20 both in law and in fact for the designation.
21     5.   Confidential documents shall be so designated by stamping copies of the document
22 produced to a party with the legend "CONFIDENTIAL."  Stamping the legend
23 "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the
24 document as confidential, unless otherwise indicated by the producing party.
25     6.   Testimony taken at a deposition, conference, hearing or trial may be designated as
26 confidential by making a statement to that effect on the record at the deposition or other
27 proceeding.  Arrangements shall be made with the court reporter taking and transcribing such
28 proceeding to separately bind such portions of the transcript containing information designated as

PDF created with pdfFactory trial version www.pdffactory.com

"Confidential", and to label such portions appropriately.

7. The material designated as "Confidential" under this Stipulation, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

8. Confidential Material produced pursuant to this Stipulation may be disclosed or made available only to the Court, to a party, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below, subject to all other terms of this Stipulation. "Qualified persons" include only:

    a. in-house counsel of a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c. court reporter(s) employed in this action;

    d. a witness at any deposition or other proceeding in this action; and

    e. any other person as to whom the parties in writing agree.

9. Depositions shall be taken only in the presence of qualified persons.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11. If Confidential Material is to be included in any papers to be filed in Court, the party proposing that such material be filed must first file a motion to obtain a court order allowing such information to be filed under seal. If the court grants such a motion, then the material must be filed under seal. If the court denies such a motion, then the material may be filed not under seal.

PDF created with pdfFactory trial version www.pdffactory.com

12. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13. This Stipulation shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Stipulation shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation. This Stipulation shall be effective between the parties irrespective of whether the Court executes this Stipulation and Proposed Order.

14. This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation nor the production of any information or document under the terms of this Stipulation nor any proceedings pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15. This Stipulation shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to the producing party all documents, material and deposition transcripts designated as confidential by that producing party, and all copies of same, or shall certify the destruction thereof.

PDF created with pdfFactory trial version www.pdffactory.com

1  IT IS SO STIPULATED.

2  DATED: August __, 2007        THE LAW OFFICE OF STEVEN M. CHABRE

3

4

5                                By: _____
                                      Steven M. Chabre
                                      Attorneys for Plaintiff
6                                     SANDRA TINKER

7

8  DATED: August __, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

9

10                               By: _____
                                      Dennis G. Rolstad
11                                    Erin A. Cornell
                                      Attorneys for Defendants
12                                    VERSATA, INC. GROUP DISABILITY PLAN and
                                      CONTINENTAL CASUALTY COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

1 **<u>ORDER</u>**

2        IT IS SO ORDERED.

3   DATED: September 18, 2007

5                    /s/ Ralph R. Beistline
                    HONORABLE RALPH R. BEISTLINE
6                    UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com