**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

SANDRA TINKER,

      Plaintiff,

vs.

VERSATA, INC. GROUP DISABILITY
INCOME INSURANCE PLAN and
CONTINENTAL CASUALTY COMPANY,

      Defendants.

No. 2:06-CV-2906-RRB-KJM

**ORDER DENYING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**
**RE CONTRACTUAL LIMITATIONS**

I.   **Introduction**

      At Docket 19 are Defendants Versata, Inc. Group
Disability Income Insurance Plan and Continental Casualty Company
("Defendants") with a Motion for Summary Judgment Re Contractual
Limitations.   The motion is opposed at Docket 29.   After full
consideration of the same, Defendants' motion is denied.

II.  **Facts**

      Inasmuch as the facts are more than substantially briefed
within the relevant pleadings, they are not repeated herein except
as necessary.

### III.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[1]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[2]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[3]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[4]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[5]

/ / /

---

[1]    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[2]    Id. at 323-325.

[3]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[4]    Id. at 255.

[5]    Id. at 248-9.

ORDER DENYING DEFENDANTS'
    MOTION FOR SUMMARY JUDGMENT - 2
2:06-CV-2906-RRB-PAN

## IV.  **Discussion**

By the language of the contractual limitations period, California's four year statute of limitations on written contracts is written into the insurance contract.[6]  Since Plaintiff Sandra Tinker ("Plaintiff") filed suit within four years of the earliest possible accrual date, her cause of action is <u>not</u> time-barred.[7]  In making this determination, the Court is particularly persuaded by <u>Harris v. The Epoch Group, L.C.</u>, 357 F.3d 822 (8th Cir. 2004), which circuit decision is indistinguishable from the case at bar.

Moreover, even under a three-year limitations period, Defendants have not demonstrated that Plaintiff's suit accrued more than three years before she filed her action.  Indeed, had Defendants provided the actual 180 day appeal deadline that was mandated by the Plan, Plaintiff likely would not have exhausted the internal remedies until she submitted her physician's amended

/ / /

/ / /

/ / /

---

[6]   The Plan states in relevant part: "No legal action of any kind may be filed against Us: . . . more than 3 years after proof of Disability must be filled, <u>unless the law in the state where You live allows a longer period of time</u>."  Docket 24 at 6 (citations ommited)(emphasis in original)

[7]   "California law allows four years to bring suit on disability insurance policies."  <u>Id.</u> (<u>citing</u> <u>Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program</u>, 222 F.3d 643, 648 (9th Cir. 2000); <u>Mogck v. UNUM Life Ins. Co. of America</u>, 292 F.3d 1025, 1027-1028 (9th Cir. 2002); Cal. Code Civ. Proc. § 337)).

letter and Continental had then denied the appeal.[8]   Inasmuch as the later did not occur until March 19, 2004, within three years of the date Plaintiff filed her cause of action, i.e., on December 26, 2006, Plaintiff's cause of action is <u>not</u> time-barred.

**V.   <u>Conclusion</u>**

Based upon the aforesaid, and for additional reasons more carefully articulated within the four corners Plaintiff's Opposition to Defendants' Motion for Summary Judgment Re Contractual Limitations Period at Docket 24, Defendants' Motion at **Docket 19** is hereby **DENIED**.

**ENTERED** this 19th day of March, 2008.


//s//

_____
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[8]   "Not knowing that she actually had 180 days to appeal, [Plaintiff] appealed Continental's decision within the false 60 day deadline on July 14, 2003." <u>Id.</u> at 3.   Indeed, "Continental misstated the timeline [sic] for filing an appeal (60 days instead of 180 days) <u>and</u> failed to tell [Plaintiff] what evidence was needed to perfect her claim." <u>Id.</u> at 17 (emphasis added).

ORDER DENYING DEFENDANTS'
    MOTION FOR SUMMARY JUDGMENT - 4
2:06-CV-2906-RRB-PAN